UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TY FARRIS,

    Plaintiff/Counterclaim Defendant,

v.                                                 CASE NO: 8:07-cv-2156-T-23EAJ

UNITED HOIST EQUIPMENT, INC.,

    Defendant/Counterclaim Plaintiff.
_____/

**ORDER**

The plaintiff, Ty Farris, sues the defendant, United Hoist Equipment, Inc., for failing to pay the plaintiff overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and for breach of an oral agreement concerning the plaintiff's wages. The defendant answers and files a counterclaim for breach of contract. (Doc. 6) The counterclaim alleges that the plaintiff breached his employment contract by using the company credit card for personal purchases and failing to re-pay the defendant for those purchases. (Doc. 6 at 3-4) The counterclaim incorporates by reference the plaintiff's letter of resignation, in which the plaintiff requests that the defendant "apply the final workweek of 40 hours of pay" to satisfy a portion of his debt to the defendant. (Doc. 6, ¶ 39, Ex. B)

The defendant asserts supplemental jurisdiction, 28 U.S.C. § 1367, as the basis for subject matter jurisdiction. (Doc. 6, ¶ 29) The plaintiff moves (Doc. 8) to dismiss the

defendant's counterclaim for lack of supplemental jurisdiction.  The plaintiff argues that the defendant's alleged failure to pay wages in no way relates to the plaintiff's alleged violation of the company's credit card policy.  (Doc. 8 at 2)  The defendant responds that the plaintiff's use of the company credit card has a bearing on the plaintiff's entitlement to unpaid wages and the defendant's entitlement to an offset for the amount of the plaintiff's debt.  (Doc. 9 at 2-3)

Pursuant to 28 U.S.C. § 1367(a), a compulsory counterclaim needs no independent basis for subject matter jurisdiction.  A counterclaim is compulsory if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon with the claim rests activates additional legal rights, otherwise dormant, in the defendant."  Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th. Cir. 1985) (internal citation and quotation omitted).  "Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action."  Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970).

The plaintiff's motion (Doc. 8) to dismiss the defendant's counterclaim is **DENIED**.  The allegations of the complaint and counterclaim relate to the parties' employment relationship and the terms and conditions of the plaintiff's employment.  Litigation of the plaintiff's claims and the defendant's counterclaim will require consideration of the hours worked, wages paid, wages due, amount due the defendant, amount the plaintiff

requested be withheld from his compensation, and the amount withheld.  The claims and counterclaim involve many of the same factual issues or at the very least, "are offshoots of the same basic controversy."  See Revere Copper & Brass, Inc., 426 F.2d at 714.  Considerations of convenience and economy require an order entitling the defendant to maintain its counterclaim.

ORDERED in Tampa, Florida, on February 5, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE