UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TY FARRIS,**

    **Plaintiff,**

v.                                                        **CASE NO. 8:07-CV-2156-T-23EAJ**

**UNITED HOIST EQUIPMENT, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    This cause comes on for consideration pursuant to the final pretrial conference held on December 2, 2008. On April 8, 2008, the court scheduled a final pretrial conference for December 2, 2008, before the undersigned (Dkt. 18). Counsel for Defendant appeared at the pretrial conference, however, pro se Plaintiff did not. Counsel for Defendant stated that Plaintiff has failed to participate in discovery in this case and averred that she attempted to contact Plaintiff by mail at his last known address in order to prepare the final pretrial stipulation, but Plaintiff failed to respond.

**Legal Standard**

    A court may "on its own ... issue any just orders ... if a party or its attorney ... fails to appear at a scheduling or other pretrial conference." Rule 16(f), Fed. R. Civ. P. "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 16(f) expressly permits sanctions pursuant to Rule 37(b)(2)(A)(v), which in turn allows a court to dismiss a proceeding or action in whole or in part for a party's failure to comply with a court order. See e.g. id. (finding dismissal under Rule 16(f) an appropriate sanction where counsel, among other things, failed to appear for a pretrial conference).

## Analysis

A careful review of the docket sheet in this case reveals an utter lack of effort by Plaintiff to prosecute this case. On July 25, 2008, Plaintiff failed to attend a court-ordered mediation conference (Dkt. 23 at 2).[1] On August 25, 2008, Plaintiff's counsel moved to withdraw her representation of Plaintiff because he "failed to maintain contact with counsel, ha[d] failed to appear at [his] properly noticed deposition, and ha[d] failed to provide information necessary to the continued litigation of [his] claims" (Dkt. 24 at 1). On October 14, 2008, the court extended the discovery deadline because Plaintiff failed to appear for two properly noticed depositions (Dkt. 28). Moreover, the court warned Plaintiff of his duty to comply with court rules should be choose to proceed pro se and cautioned Plaintiff that "failure to cooperate in discovery or to comply with this court's orders may result in further sanctions, including possible dismissal of the complaint" (Id.). Nevertheless, Plaintiff failed to appear at the final pretrial conference without notice to the court or opposing counsel.

Plaintiff's conduct manifests a disregard for the rules of this court and warrants dismissal of his case. No lesser sanctions would serve the interests of justice in light of the approaching trial date and Plaintiff's absolute failure to participate in this case. See e.g. Goforth, 766 F.2d at 1535 (noting that "any lesser sanction than dismissal would not have served the interests of justice").

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's claim be **DISMISSED** pursuant to Rules 16(f) and 37(b)(2)(A)(v), Fed. R. Civ. P.

---

[1] Plaintiff's counsel represented to the mediator that Plaintiff failed to attend due to medical problems (Dkt. 23 at 2). However, the failure to attend the mediation conference is not the only default by Plaintiff in this case.

Date:   December 4, 2008


_____
ELIZABETH A JENKINS
United States Magistrate Judge


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:
Pro Se Plaintiff
Counsel of Record
District Judge